Good morning everyone. We're here for oral argument this morning. I understand we're missing some attorneys on the first case. Is that correct? Okay so we're I'm going to ask counsel in the front row if you would please step back and we're going to start this morning with the second case first and we'll get back to the first case when all counsel is here. So our first case for oral argument this morning is appeal number 24-2161 United States v. Collins. Good morning Ms. Gambino. Good morning Your Honor. Good morning Judge Steepe, Judge Lee, and Judge Cohen. We are here this morning because Ms. Collins was deprived of a right to a fair trial because the district court made three decisions at least which interfered with her ability to exercise her Fifth Amendment right to testify on her own behalf. And I'm going to focus my argument on three of those decisions this morning unless the court has questions about other matters. So first of all there was the question motion in limine was filed by the government seeking to keep out the fact that Ms. Collins had amended her 2015 tax returns and begun an installment payment. And the reasoning behind that decision by the district court was this court's decision in Beavers. And in Beavers of course that was done because the the court in that case found that Mr. Beavers decision or remedial action could either be considered a an effort to cover up the the failures or an innocent mistake. So would we have to overrule Beavers in order to find for you? No you would not have to overrule Beavers. It is our position Your Honor that Ms. Collins case is distinguishable from Mr. Beavers case in a very important way. And that the first of those is the timing of the decision. The court in Beavers said that Mr. Beavers failed to act until he had been interviewed by federal agents. And that certainly wasn't the case in Ms. Collins case. First of all Ms. Collins rectified her her problems with her filings based on a civil notice from the IRS that she had misreported her income. But wasn't it still based on notice from the government? We might have a different argument if you came in here and said on her own without any notice federal criminal otherwise she amended them and realized her mistake. But it seems like the logic of Beavers that she didn't take any action until after she had notice from the government would apply. But Judge I think respectfully I would disagree with that in this particular case because I think there is and this court has found that there's a difference between a civil notice and a criminal notice. In Mr. Beavers case it was federal agents that were criminally investigating him. In Ms. Collins case it was a civil notice that is given in the ordinary force. And these civil notices are given to give a taxpayer an opportunity to rectify mistakes they may have made. And I don't think that it's equivalent because as the court found in Tischberg remedial action for instance after an audit but before an investigation showed good faith effort to correct innocent mistakes. If you don't distinguish between the civil notice and the criminal notice then every time there's any notice a presumption of criminality would in here and taxpayers would have no incentive to respond to a civil notice by correcting their mistakes if they knew that was going to be taken as an admission of criminal liability. So I think that you have to separate civil notice from criminal notice. It's not really an admission of criminal liability is it it's I think the question is more is how relevant if at all are the remedial measures to determine her state of mind at the time the original tax filings filed. And so I don't think anyone is arguing here that the government would use the remedial actions as an admission of lot of guilt or liability. It's just more kind of a different question which is whether or not those remedial measures would be admissible. But how are we to deal with the 403 aspect of it right. So it's not as though she just paid it and amended her 2014 tax returns and that's that. There were some convoluted facts about whether or not she amended the right return and then when she did amend the return she added additional deductions. If Ms. Deavers I mean if Ms. Collins was allowed to testify as to that I take it that the government then would be able to cross-examine her with regard to all of these other factors right. And then it seems like that would just bring up a whole host of other issues that the district court thought might be tangential to the case. And so can you respond to the district court's 403 weighing of the fact that the facts aren't as clear-cut as she paid a check and that was that. There were a lot of other things kind of going on involved. Yes I think that basically with respect to Ms. Collins case she wanted to be able to admit that to show that she didn't that she had a good faith intent to deal with her taxes legitimately. And even though there were mistakes certainly and there were there were complicated factors with what she did when she did amend them I think it still is relevant or probative of her intent that she wanted to correct mistakes that were brought to her attention. So would the government then be allowed to cross-examine her with regard to the additional deductions that she had not previously claimed to try to zero out that additional income for the year that that she was trying to amend? They would certainly be free to cross-examine on that and she would be free to explain the circumstances under which the mistake was made. And similarly with regard to the repayment plan that she as I understand it did not complete would the government be able to cross-examine her on that and why she stopped paying? Certainly that that would be fair game. But I think the most the important thing to her would be able to for instance if her reasoning for failing to file or include information correctly the first time around had to do with certain life circumstances or the failure of her accountant to include matters that she had provided to him to include in her taxes that would certainly be relevant and might take away the the reasoning for the cross-examination that you suggest. We simply don't know and so with respect to those concerns the the court's balancing was premature particularly when at issue is whether the defendant is going to take that into a consideration as an impact on her decision whether or not to testify. So you've got a Fifth Amendment right in the balance. I understand and I guess that kind of raises a broader question with regard to the standard of review here. So under Luce the Supreme Court distinguished between whether or not the decision under review was a evidentiary one right? That's correct. Versus whether or not it was a constitutional. That's true. And one might quibble about how exactly to draw that line but how would you draw that line between whether or not the evidentiary ruling by a court that impacts right that might factor into a defendant's decision to testify or not whether such rulings are when your mind would they always be have constitutional weight or would there be instances where they would purely be evidentiary and if so how would you draw that line? Well I think that and I'm sorry if I could just kind of augment that. So for example a court might rule about the admissibility of other witnesses testimony right and certainly a defendant would think about that as well in deciding whether or not to testify so for example whether they're a witness who would be offering contradictory testimony that the defendant would proffer whether or not the court would admit that and so there's just a slew of things that would happen in a trial and evidentiary rulings in the trial that would factor into a defendant's decision whether or not to testify and so how are we to decide whether or not those types of evidential rulings should be reviewed as you know impeding a defendant's constitutional right to testify versus just straightforward evidentiary rulings. Well I think that that would depend greatly on the circumstances of the case in this particular case because the evidentiary ruling is something particularly within the knowledge of and the and concerns the actions of the defendant you have something that's that's much more circumscribed than you would just any other 403 ruling with regard to other witnesses certainly it's true that whether one witness testifies one way or another or is limited would have an impact but not as direct an impact as whether the defendant can explain herself what what she did and why she did it and so I think in this particular case you have a narrower subset of the hypothetical that you're proposing to me that when. So what's the rule you're proposing? Where's the limiting principle on this? I think the limiting principle would be the whether the subject matter is relevant directly to the defendant's testimony or the evidence the defendant would like to bring as opposed to what. Doesn't that contradict Luce? I don't know that it contradicts Luce exactly. Because it was a defendant's testimony and that's that was an issue and they made evidentiary rulings under 609 A about the defendant's testimony so your proposed rule seems like it would conflict with Supreme Court precedent. Well I thought the focus of Luce was the use of impeachment by conviction under 609 B which is not necessarily I mean that's a different matter. Well it goes directly to the defendant's testimony and issues relevant to the defendant so if that's your limiting principle that it should apply just directly to things the defendant did or that might implicate the defendant's testimony as opposed to another witness's testimony I think that runs afoul of Luce. Not if you limit it to the as in this case the evidence that the defendant would like to raise. You know we're talking Luce dealt with what the government could do or not do in terms of evidentiary rulings that would prejudice the defendant. In our case we're not looking at evidentiary rulings that would that that are based on what the government wants to do. They want to keep her from being able to put on a particular defense. So for example if she will if a defendant wants to offer plainly hearsay testimony and the court you know sustains the objection and precludes a defendant from offering hearsay testimony would that also implicate a defendant's Fifth Amendment rights? Well it possibly could although it wouldn't be in the same category because hearsay is only admissible under certain circumstances. But they're evidentiary rulings right? I'm just trying to figure out as Judge Saini says where do we when how do we determine whether an evidentiary ruling deserves de novo review versus abusive discretion review? Versus waiver even as in Luce where the defendant didn't testify and the court found he had waived his right to raise any kind of charge. Yes I understand that. That's a more problematic issue than than the one that we're addressing with respect to Ms. Collins. But I don't think you can separate them given the Supreme Court's precedent. If if we're looking at standard of review is it a question of waiver is it a de novo review or is it an abusive discretion? Well I would I would call it de novo review and I would call it that because of the I mean certainly in the first instance it's a piece of discretion that's that's pretty pretty clear. But if you were to analyze it differently you could call it de novo review because of the importance to the defendant not to the government of the evidence the defendant wishes to admit not evidence that the government wishes to admit and that and the defendant wants to keep out. I do think there is. It could be proposed in the same rule even if this was a 403 objection on something that the defendant wanted to address in their testimony is that correct? Yes except unless barring Judge Lee's example of hearsay which has a whole set of other rules that that go along with it but but yes. But I take it from your your view then that even under hearsay in hearsay area if a court precludes a defendant from testifying as to whatever the defendant thinks is relevant to the defense that that would have constitutional implications. I'm not saying whether that's right or wrong you're saying that that that would be kind of a logical conclusion from what you're what you're arguing. It is a logical conclusion that it may yes. Thank you. I will reserve my little bit. We'll give you a little bit more. Good morning Miss Partham. Good morning. May it please the court Michelle Partham for the United States. The district court properly denied defendants motions for judgment of acquittal and a new trial and both her conviction and her sentence should be affirmed. The district. I'm sorry do you have a view on I would love to know your view on the question that we were asking Ms. Gambino with regard to the line between whether a ruling is only evidentiary versus whether it raises constitutional concerns. I think this is a little bit of a tricky question. I agree Ms. Gambino conceded that the first level of review for an evidentiary issue like this is going to be abusive discretion. The government agrees with that and that's the appropriate standard of review to apply here. The thing that's tricky is when a defendant is seeking to admit some type of evidence during a trial and they are appealing the preclusion of such evidence. One can always argue that that had constitutional implications and it's certainly not the case that a reviewing court applies de novo review to every single evidentiary decision that disadvantages a defendant. So the government feels that abusive discretion is the standard that should be applied for these types of evidentiary issues and when a defendant makes the argument that their constitutional rights were infringed as a result of evidentiary rulings. The rulings that infringed that truly do infringe constitutional rights are reviewed for for de novo review and so kind of bearing both in mind at once and when the evidentiary rulings are as kind of straightforward as they are in this case, the court doesn't need to go to that second step or the second step becomes very easy of seeing that rulings that were well within the district court's discretion did not infringe on the defendants constitutional rights. And what's what's sorry, what are you basing that on? That if we look at abuse of discretion, that if it meets, if there was no abuse of discretion, that's it period. Or when would we go to de novo? And are you also arguing that because she did not testify, she waived that constitutional right as came up and loose. So turning first to the latter portion of your question. Yes, because the defendant did not testify under loose and other circuit courts have applied that in the context of 608 B, the defendant has waived her right to challenge the 608 B ruling that doesn't amount to a waiver of any constitutional claim, whatever certain aspects of her challenge are preserved, as she has argued. And so in terms of figuring out when to apply abuse of discretion and when de novo, I think it requires looking at the challenges that the defendant has raised in light of the record. And so for instance, if a defendant was entirely precluded as a result of evidentiary issues, from raising a defense and being able to put forward a defense theory, that would be a stronger case for taking a second look under the de novo standard for whether their constitutional rights were infringed. But that's not the case that we have here. Here, Miss Collins primary defense was that her false statements were inadvertent, they were non willful. That was a theme that was presented and pressed throughout the entire trial, and was put forth through the testimony of her expert Craig Green, who was able to testify, essentially based on her out of court hearsay statements, notwithstanding the the rulings precluding those that she that her accountant was to blame for her false filings, and that that she had not acted willfully. And so that defense theory, that defense theme was presented throughout the trial. And in fact, where the defendant here is objecting to the preclusion of her amended tax return, it's, it's worth bearing in mind, that is a return that actually did not support her theory because of the false statements that were in the amendment. And so that fact is relevant both to the relevance of the amendment, and of course, to the 403 balancing and shows why the district court properly precluded that evidence. This case is very similar to Beavers, it is not distinguishable on these bases, because the defendant, as Judge Saini noted, was put on notice by the IRS notice that her false statements had been discovered. And so subsequent remedial actions she took after that notice, are more consistent with attempting to avoid punishment for wrongdoing than with correcting a genuine mistake from the outset. If I can turn back to Luz, briefly, we haven't extended that to the to 608. That's correct. And you're asking us to do it here. But what would be your limiting principle for when we have to find waiver, if a defendant decides not to testify? I think the the principle is that when a defendant is challenging a preliminary ruling pertaining to their testimony, they need to testify to create the record that would allow this court to review. Perhaps there's a situation that I'm not immediately thinking of where it wouldn't be as fact dependent how things would unfold. But in this case, we don't know whether the government well, first of all, we don't know what the scope of the defendant's direct examination would have been if she had testified. And then we don't know what the government may have done, what limitations the district court may have put in place. And so to reverse and have to order a new trial on the basis of an argument that was raised and then resulted in the defendant declining to testify would create an incentive to basically plant reversible error, which is what one of the concerns that the loose court noted. So I think the limiting principle or the organizing principle would be, can this court meaningfully review the decision? Was that decision allowed to develop and create an evidentiary record that would allow the court to determine both whether it was in error and also whether it was harmless, because that would be dependent upon how that all would have unfolded. And so with respect to Beavers, just a couple points that I want to touch on with that. Really, the key issue in Beavers is when someone takes subsequent remedial action, sometime after the initial false statements were made. Does that remedial action tell us anything about the state of mind of that person at the time the false statements were made? And that is something that Beavers noted could go one of two ways. It could be a genuine effort to correct a mistake. It could be attempt to cover up purposeful wrongdoing. And so it's a case by case analysis that Beavers says the court has to undertake. And here the facts and factors that would go into that analysis strongly support the district court's conclusion that that evidence was not relevant. And even more so had it been it was properly excludable under 403. That amendment was made after the IRS notified the defendant that it had discovered her almost $100,000 in omitted income. It was made a year and a half after the original false return was filed. And in addition, this was not a situation where the discrepancy was, you know, possibly a typographical error, a zero missing or like that. This was very clearly apparent from the face of the tax return, where she claimed total income of $11,533. And her true income was over $118,000. That was something she didn't need the IRS to put her on notice of that was apparent from the return itself. And so none of the facts that that kind of are in the ether about whether her later amendment would be relevant to her state of mind at the time of filing supports the conclusion that this would be relevant of good faith or relevant of mistake. It's, it's in fact, very much consistent with it being an attempt to cover up her wrongdoing. And the evidence of the falsities in that amendment just supports that all the more. So it makes the evidence less relevant and also more confusing. And, and the fact that had this been admitted into evidence, there would have been extended additional evidence presented about what types of amendments or I'm sorry, what types of deductions are properly deductible, we would have needed the revenue agent to educate the jury on whether work clothes and cleaning of work clothes are properly deductible expenses, we would have I'm sorry to cut you off, but I see your time, time is short. So I take it the government's position is not that the government would concede that in some instances, if all we have is a defendant is a person who receives a notice from the IRS, and then they immediately correct the tax, their tax amendment, depending on the facts that that might come in as a remedial measure, that might have some probative value with regard to the original intent, you're just arguing given the facts of this case, it doesn't. That's correct. Under Beavers, the analysis needs to be case by case. And so there are conceivably cases where there was a civil notice, for example, a prompt correction, and perhaps also the discrepancy between the original and the amended would make it seem more likely that there was an inadvertent error, that could be a situation where the subsequent amendment would satisfy the relevance and where there wouldn't be 403 issues that would independently be a basis for excluding the evidence. And my guess is you would probably argue the number of times that a tax return had allegedly been falsely filed would be relevant there. Yes, Your Honor. And in addition, the number of different falsities within a particular return would also be something that would be considerable for that as well. Do you think that getting back to kind of our original question or inquiry, do you think that if a court in making evidential ruling prohibits a defendant from raising something as part of the defendant's case, that that almost always raises constitutional issues? So, for example, say in the hearsay context that I noted or say on basis of relevance or even 403, where a defendant wants to argue and present something that they think, you know, is that they believe is probative of their of their case. Would it always would it always do so or only in some circumstances? Only in some circumstances. Beavers addresses this point, the fact that criminal defendants do not have an unfettered right to present any and all evidence that they want to present in disregard of the rules of evidence. Those rules apply equally to the government and to the defendant. And when in light of those rules, the defendant has a situation where a defense that they want to present cannot in any way be presented that may raise a constitutional issue. It may not. It may be a nullification type defense. I mean, there may be defenses that they don't have a right to bring forward. And so that's why I think it is a factual, factual, intensive inquiry as to whether there would be much that this court would need to do in terms of a de novo review of whether evidentiary rulings caused a constitutional issue to arise. If the court has no further questions, the government requests that the judgment and the sentence be affirmed. I have one question. I want to move to sentencing. And as long as we're talking about standard of review today, address the standard of review for the sentencing argument. Is it the government's position that this objection, which was not raised at oral argument, should be reviewed for plain error? Or does this fall within Rule 51, something that couldn't have been raised while the court was elaborating on the sentence? And how would you distinguish here? The latter, I would say in this case, the way that the government distinguishes these based on this court's precedent is whether the defendant was on notice of the issue in advance of the sentencing hearing, had time to consider and formulate a position. And in this case, the sentence being pronounced of a year as opposed to a year and a day happened in the sentencing and didn't allow for advanced formulation of a position. So the de novo review, the government believes, is the appropriate standard. But I will note that the facts have changed on this a bit since the briefing. The defendant has her term of incarceration with BOP has concluded. She was moved out of confinement in, I believe, May to a halfway house. And her confinement in the halfway house concluded in August. And so the government believes that the sentencing issue is now mooted because she is no longer in BOP custody. OK, thank you.  Ms. Campino. We'll give you two minutes and if you can start with the sentencing issue, please, do you believe this has been mooted? I believe it would be. I don't believe it's been mooted until we know what your decision is with respect to the other issues. So, for instance, if you were to grant a new trial as we request, then it might become relevant. It would certainly be mooted, though, because if there's a new trial, any sentence is vacated and we start over, it would be kind of an advisory opinion at that point. That's true. It might, but I think it's a valuable opinion to have. So let me ask you one more thing on sentencing, please. Are you appealing the sentence the court imposed or the denial of the motion to correct the sentence? The denial of the motion to correct. So you're not raising a procedural or substantive challenge to the sentence itself. It's the denial of the subsequent motion to correct the sentence from a year to a year and a day. That's what your appeal is. Yes. OK, thank you. And with respect to the issue that we dealt with originally, I think if there were only one, if there were only one evidentiary issue and no evidence in the record that Ms. Collins wanted to testify, that it might hold more persuasion. But there was evidence in the record that she did want to testify. And we had the court's reversal of its original pretrial ruling, allowing the government to cross-examine on unproven allegations. So I think it's a little bit more complicated here. In addition to the limitation of the expert, it's not just the Beavers issue that we're dealing with. So we would ask that the court reverse and remand for a new trial. OK, thank you. Thank you. Thanks to both counsel. The court will take the case under advisement. Do we.